Peter W. Bowie (State Bar No. 50168)
Christopher Celentino (State Bar No. 131688)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-400-0500
Facsimile: 609-400-0501

Attorneys for Fedal Enterprise Co., Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SALVADOR LOMBROSO,<br><br>               Debtor.<br><br>LEADER BIKE, LLC<br><br>   Member Case No. 16-04912-LA7 | Lead Case No. 16-04510-LA7<br>(Substantively Consolidated)<br><br>Chapter 7<br><br>**DECLARATION OF CHRISTOPHER CELENTINO REGARDING SUBMISSION OF ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO**<br><br>Date:  July 12, 2018<br>Time: 2:30 p.m.<br>Dept.: 2<br><br>Hon. Louise DeCarl Adler |

I, Christopher Celentino, declare as follows:

1.      I am an attorney duly licensed to practice before this Court and the courts of this State. I am a partner of the law firm Dinsmore & Shohl LLP, counsel to Fedal Enterprise Co., Ltd. ("Fedal"), in the above consolidated bankruptcy cases (collectively, the "Case").

2.      The facts stated below are personally known to me, except for those matters based upon information and belief and as to those, I believe them to be true. If called as a witness, I could and would competently testify to the truth of such facts.

3.      Attached hereto is a blacklined version of the proposed final OSC Order with changes I made after the hearing. I thought it appropriate to explain some proposed changes as they appear in the uploaded order, because the Court's comments, while technically applying to specific sections, were implicated in others. In each instance, I used the Court's language.

4.      First, I made all changes as set forth by the Court at the hearing on July 12, 2018.

5.      Second, the Court was clear that "further assurances" of execution of additional documents must be limited to a period of one year from the date of entry of the order. The Court was specifically only referring to paragraph 2 of Exhibit C when it made its comments; yet, it seemed inconsistent with the Court's intent for me to ignore the comment and exclude the one-year limitation from paragraphs 3 and 4 of that document, both of which contemplate execution of documents in the future. Therefore, in fairness, I inserted the one year limitation into those paragraphs also. This benefits Mr. Lombroso, and honors the Court's comments.

6.      Third, the Court specifically deleted the use of the word "necessary" and replaced it with "reasonable" in paragraphs 2 and 3 of Exhibit C. There were other uses of the word "necessary" in similar contexts; to be consistent with the

///

Court's directive, I changed the word "necessary" to "reasonable" in other similar contexts.

7. Fourth, since draft exhibits "D" and "E" were deleted from the final Order, I changed the label of Exhibit "F" to "D" and Exhibit "G" to "E" to avoid future confusion as to apparent misdesignation of such label. The content of "D" is identical to the version of "F" submitted to the Court on June 29, 2018 (Exhibit to Document 191), and the content of "E" is identical to the version of "G" submitted to the Court on June 29, 2018 (Exhibit to Document 191), both of which were incorporated into the Court's ruling.

8. Fifth, where the words "record owner" were used to describe all of the accounts on Exhibit 1, I added the word "reputed" to make it clear that there is no representation that the "record owner" status has been determined by either Lombroso or the Court. This change is beneficial to Lombroso, and consistent with my comments to the Court at the hearing on July 12, 2018.

9. Sixth, I added a paragraph 7 concerning Mr. Lombroso's travel to San Diego to secure the transfer of the Instagram account after a meeting with Sprint, and execution of the three documents (Exhibits "C," "D" and "E") at Fedal's counsel's office with a notary from Fedal's counsel's office.

10. Seventh, I specifically noted, consistent with my comments, limitations relative to the Lombroso personal Facebook and personal gmail accounts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, except for those matters stated upon the information and belief and as to those, I believe them to be true.

Executed this 13th day of July, 2018, at San Diego, California.

Christopher Celentino

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR: SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

            Member Case No. 16-04912-LA7

Plaintiff Fedal Enterprise Co., Ltd. ("Fedal"), through counsel, having filed its Motion (1) For Issuance Of An Order To Show Cause Why Salvador Lombroso Should Not Be Held In Contempt Of Court For Willful Violations Of Order Granting Trustee's Motion For Sale Of Assets To Fedal Enterprise Co., Ltd., Free And Clear Of Liens And Approval Of First Amendment To Asset Purchase Agreement And Rule 2004 Order; (2) For Order Compelling Salvador Lombroso To Execute Documents In Accordance With Such Sale Order, Or In The Alternative, For Appointment Of Elisor To Execute Said Documents; And (3) Requesting Court To Exercise Inherent Authority To Impose Sanctions Upon Salvador Lombroso (the "OSC Motion") against Debtor Salvador Lombroso ("Debtor Lombroso"), and for the reasons set out by the Court in its tentative ruling (Docket No. 175) as modified on the record and which are incorporated herein by reference as though fully set forth, the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) proper and adequate notice has been given and that no other or further notice is necessary under the circumstances; and the Court being otherwise sufficiently advised after due deliberation thereon, good and sufficient cause exists and otherwise appearing:

IT IS HEREBY ORDERED that:

1.      Fedal's Motion is DENIED IN PART, and GRANTED IN PART, as set forth herein;

2.      Fedal's Motion, inasmuch as it seeks the issuance of an OSC re: Contempt With Respect To the Debtor Salvador Lombroso's alleged non-compliance with this Court's Rule 2004 Order (Docket No. 105) is DENIED, WITHOUT PREJUDICE;

3.      Fedal's Motion, inasmuch as it seeks the issuance of an OSC re: Contempt With Respect To the Debtor Salvador Lombroso's alleged non-compliance with this Court's Sale Order (Docket No. 148) is DENIED, WITHOUT PREJUDICE;

4.      Fedal's Motion for an OSC is GRANTED, IN PART, as follows:

      A.      No later than close of business on ~~_____~~,July 31, 2018~~,~~ Debtor Lombroso shall:

            1.      Sign and execute all documents necessary or appropriate to effect a transfer of the Assets of the Leader Bike business (as contemplated and defined in the Sale Order entered October 2, 2017, Docket No. 148) to Fedal, including but not limited to the trademarks. Said

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
         Member Case No. 16-04912-LA7

documents shall be customary documents used to transfer title to the specific assets as set forth
in the Sale Order, and with respect to the transfer of the trademarks, shall be narrowly tailored
to specific trademark numbers;

2.      With respect to the Chinese trademarks, registration numbers 11676104 and
16444009, the documents required to be executed by Debtor Lombroso shall be in substantially
the form as are attached hereto as Exhibit "A" and "B" and incorporated herein by reference.  To
the extent that Debtor Lombroso is required to obtain notarization at the U.S. Consulate
(because of Lombroso's current nonresident status) and a fee is incurred for that service, Fedal
shall pay for it promptly.  As of the date of entry of the within Order, it is the Court's
understanding that these documents have been signed and delivered by Mr. Lombroso.

3.      With respect to the transfer of other Assets, the documents to be executed by
Debtor Lombroso shall be in substantially similar content as set forth in Exhibit "C" hereto and
incorporated herein by reference, including but not limited to the Intellectual Property
Assignment And Quitclaim Agreement set forth therein, and the exhibits thereto.

4.      Execute and deliver to Fedal a letter in substance substantially similar to that set
forth in Exhibit  "D" and incorporated herein by reference to allow Fedal to affirmatively notify
all persons or entities formerly doing business with Debtor, including but not limited to dealers,
distributors, customers, factories, manufacturers and vendors that the assets as otherwise
described in this Court's Sale Order, as it relates to Leader Bike, LLC; the brand "LEADER,"
"Leader," "Leader Bikes" and "Leader Bike," leader bikes, LBI and Coghouse and any and all
property "used in conjunction with said business," that same has been transferred to Fedal free
and clear of any claims or interests, including but not limited to those claims or interests of
Debtor Lombroso; and further, Debtor Lombroso shall sign a declaration under penalty of
perjury that, "Consistent with that certain Sale Order, I do not claim any ownership or
controlling interest in or right to use or authorize use, in any location, of any of said Assets as
described in the Sale Order, including but not limited to the brand name Leader, molds, and
trademarks, and that any third party in possession or control of any of said Assets, including
molds, may recognize transfer of said Assets to Fedal," said Declaration in the form of Exhibit "E"
hereto;

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR: SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

         Member Case No. 16-04912-LA7

 

B.    In the event that such signature and notarization by Debtor Lombroso is not accomplished by close of business on ~~_____~~ July 31, 2018~~,~~, this Court without further notice orders the appointment of an elisor to serve as attorney-in-fact for Debtor Lombroso, who shall be chosen from the existing panel of trustees in this district, subject to their willingness to perform that service and their agreement to appropriate compensation for that service, to thereafter execute said documents in the name and stead of Debtor Lombroso. To the extent an elisor is so appointed, the Court Orders Mr. Lombroso to reimburse Fedal for the cost and expense of such elisor.

5.    No later than ~~_____,~~ August 31, 2018~~,~~, Lombroso is hereby ordered to:

(a)    fully cooperate with Fedal and use his best efforts by all ~~necessary~~reasonable means to immediately and forthwith secure the turnover of all Assets, including but not limited to molds and forms (including but not limited to head tube molds, seat tube molds, seat post molds, seat post clamp joint molds, fork molds and fork crown molds in his possession, or control or possession or control of his or Leader's agent), trademarks, customer lists, distributor lists, the Intermedia database (subject to conditions set forth below), the Constant Contact database (subject to limitations set forth below), to Fedal;

(b)    affirmatively cooperate with Fedal and use his best efforts by all ~~necessary~~reasonable means to turnover and/or secure for turnover to Fedal the login and password information to the entire Intermedia (subject to conditions set forth below), and Constant Contact databases (subject to conditions set forth below), including unobstructed access and control of the entirety of the "Cloud" account in which debtor has admitted contains or once contained the business records, marketing data and other business information of Salvador Lombroso, Leader Bikes LLC, Leader Bike International Inc.~~("~~ ("LBI"), Coghouse, Inc.; to obtain access to computer or electronic records of the business sought by Fedal and set forth in the Sale Order; and consistent therewith, as represented and consented to by Debtor Lombroso at the hearing hereon, that Debtor Lombroso shall write specific instructions to his former counsel, Geoffrey Marr, and instruct Mr. Marr to turnover to Fedal through counsel all of the information in his possession or otherwise provided to the Trustee as relating to the Leader business, including but not limited to comprehensive and complete information of all factories and manufacturers; comprehensive and complete information of all distributors and /or vendors; and

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
          Member Case No. 16-04912-LA7

comprehensive and complete information of quickbooks data, including the electronic files and passwords containing all customer receipts and data for all companies (including  Coghouse and LBI);

~~(c) to execute and deliver to Fedal a letter in substance substantially similar to that set forth in Exhibit  "F" and incorporated herein by reference to allow Fedal to affirmatively notify all persons or entities formerly doing business with Debtor, including but not limited to dealers, distributors, customers, factories, manufacturers and vendors that the assets as otherwise described in this Court's Sale Order, as it relates to Leader Bike, LLC; the brand "LEADER," "Leader," "Leader Bikes" and "Leader Bike," leader bikes, LBI and Coghouse and any and all property "used in conjunction with said business," that same has been transferred to Fedal free and clear of any claims or interests, including but not limited to those claims or interests of Debtor Lombroso; and further, Debtor Lombroso shall sign a declaration under penalty of perjury that, "Consistent with that certain Sale Order, I do not claim any ownership or controlling interest in or right to use or authorize use, in any location, of any of said Assets as described in the Sale Order, including but not limited to the brand name Leader, molds, and trademarks, and that any third party in possession or control of any of said Assets, including molds, may recognize transfer of said Assets to Fedal," said Declaration in the form of Exhibit G hereto;~~

~~(d)~~ (c)  The following limitations apply to the turnover of the INTERMEDIA database account and passwords, to wit, access to same shall be turned over to Fedal by and through its counsel, Dinsmore & Shohl, LLP by and through Christopher Celentino and Peter W. Bowie ("Fedal Counsel"). Fedal Counsel shall excerpt from and prepare a privilege log for all communication files thereon as between identified Lombroso family members, and as between persons or individuals (including but not limited to Debtor Lombroso and Mr. Keith Simmons) in communication with the personnel from the Law Offices of Geoffrey Marr and Kenneth Stone, and said communications shall be designated ATTORNEYS EYES ONLY and treated as CONFIDENTIAL and shall not otherwise be provided to Fedal, but shall be maintained by Fedal Counsel, absent further Court order after opportunity for Debtor Lombroso and the affected party to be heard; and

(e)  ____ The following limitations apply to the turnover of the CONSTANT CONTACT database account and passwords, to wit, access to same shall be turned over to Fedal by and through its counsel, Dinsmore & Shohl LLP by and through Christopher Celentino and Peter W. Bowie ("Fedal Counsel"). Fedal shall provide a "tag line" or other communication with persons and entities whose identities are located in that database that clearly identifies that Fedal is the owner thereof pursuant to this Court's

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
          Member Case No. 16-04912-LA7

Sale Order, and that said persons and entities may affirmatively opt out of further communication
concerning the Leader bike business at their request.  The "Tag line" shall be substantially as follows:

> NOTICE:  This database, formerly belonging to the business known as Leader Bikes, and
> all other assets and the brand Leader relating thereto (the "Leader Business"), have
> been sold to a new owner, Fedal Enterprise Co., Ltd. ("Fedal") by order of the United
> States Bankruptcy Court, Southern District of California.  Salvador Lombroso is no longer
> the owner of the Leader Business or the Leader brand, or affiliated with Leader Bikes in
> any way.  If you wish to be removed from receiving further information from Leader
> Bikes, you may opt out by contacting <_____> and asking that your
> contact information be removed from the Leader database.

6.   To the extent other documents are required to be executed or otherwise provided to effect an
immediate transfer of the Assets (as contemplated and defined in the Sale Order entered October 2,
2017, Docket No. 148, and as set forth in Exhibits to the Intellectual Property Assignment And Quitclaim
Agreement referred to herein) to Fedal, as may be subsequently requested by third parties, businesses
or governmental agencies, Fedal may make request on Debtor Lombroso for execution of same; and this
Order is without prejudice to the right of Fedal to, in the event of Debtor Lombroso's refusal to execute
and provide such additional documents within ten (10) business days of such request by Fedal,
subsequently apply to the Court for any appropriate orders, which may include an additional order
compelling signature of same.

~~7.      A continued hearing on this OSC is set for <_____, 2018> at <_____ ___.m.>~~

7.      Additionally, as set forth on the record at hearing on July 12, 2018, Lombroso is ordered to, on
or before July 17, 2018, notify Fedal's counsel of a date, said date to be as soon as possible and
otherwise before July 31,2018, that Lombroso can travel (at Fedal's expense) to San Diego to effect the
assignment of the Instagram accounts referred to herein; and during such trip, shall appear at the
offices of Fedal's counsel to execute Exhibits "C", "D" and "E" referred to herein.

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

    CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC
          Member Case No. 16-04912-LA7


**EXHIBIT "A"**

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

    CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC

    Member Case No. 16-04912-LA7

---

## 商标代理委托书
# POWER OF ATTORNEY

我/我们 萨尔瓦多龙勃罗梭 属于 美国 国家或地区，现委托 安伟知识产权代理（北京）有限公司 代理 第 ___ 号 ___ 及图 "（第 12 类）商标的如下 "√"事项，包括在任何有关文件或申请书式上盖章或签字。

I/We, SALVADOR LOMBROSO , a citizen of/~~a corporation~~ organized and existing under the laws of UNITED STATES , hereby entrust AWA IP (BEIJING) CO., LTD. to act on my/~~our~~ behalf in relation to the trademark " Leader Bikes " No. 11676104 in Class 12 , including to sign or apply seal on any documents or application forms relating thereto.

Please tick ("√"):

| | |
|---|---|
| ☐ 商标注册申请 | ☐ Application for Registration |
| ☐ 商标异议申请 | ☐ Opposition |
| ☐ 商标异议答辩 | ☐ Response to opposition |
| ☐ 更正商标申请/注册事项申请 | ☐ Correction of application/registration |
| ☐ 变更商标申请人/注册人名义/地址申请 | ☐ Change of name/address of applicant/registrant |
| ☐ 变更商标代理人/文件接收人申请 | ☐ Change of agent/document recipient |
| ☐ 删减商品/ 服务项目申请 | ☐ Deletion of goods/services |
| ☐ 商标续展注册申请 | ☐ Renewal of registration |
| ☑ 转让/移转申请 /注册商标申请 | ☑ Recordal of assignment/transfer of application/registration |
| ☐ 商标使用许可备案申请 | ☐ Recordal of trademark license |
| ☐ 变更许可人/被许可人名称备案申请 | ☐ Recordal of change of name of trademark licensor/licensee |
| ☐ 商标使用许可提前终止备案申请 | ☐ Recordal of early termination of trademark license |
| ☐ 商标专用权质权登记申请 | ☐ Recordal of mortgage of trademark right |
| ☐ 商标注销申请 | ☐ Removal of registration |
| ☐ 撤销连续三年停止使用注册商标申请 | ☐ Cancellation of registration for 3 years non-use |
| ☐ 撤销成为商品/服务通用名称注册商标申请 | ☐ Cancellation of a registered trademark that has become a generic term of goods/services |
| ☐ 撤销连续三年不使用注册商标提供证据 | ☐ Response to Non-use Cancellation |
| ☐ 撤销成为商品/服务通用名称注册商标答辩 | ☐ Response to cancellation of a registered trademark that has become a generic term of goods/services |
| ☐ 补发变更/转让/续展证明申请 | ☐ Re-issuance of Certification of Change/Assignment/Renewal |
| ☐ 补发商标注册证申请 | ☐ Re-issuance of registration certificate |
| ☐ 出具商标注册证明申请 | ☐ Issuance of registration certification document |
| ☐ 出具优先权证明文件申请 | ☐ Issuance of certified priority document |
| ☐ 撤回商标注册申请 | ☐ Withdrawal of registration application |
| ☐ 撤回商标异议申请 | ☐ Withdrawal of opposition |
| ☐ 其它 (请说明 : _____) | ☐ Others (Please specify: _____) |

委托权限：√ 一般代理
    ☐ 其它 (请说明 : _____)

Scope of the power entrusted: √ General proxy
    ☐ Others (Please specify: _____)

委托人 萨尔瓦多龙勃罗梭
Name of Applicant:  SALVADOR LOMBROSO
地址 美国加利福尼亚州丘拉维斯塔卡内罗斯谷大街 1378 号 邮编: 91913
Address: 1378 CARNEROS VALLEY ST, CHULA VISTA CALIFORNIA 91913, UNITED STATES
负责人签字:
Signature:
负责人姓名及职务
Name of Signatory and Title:
日期
Date:

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
               Member Case No. 16-04912-LA7

转让/移转申请/注册商标申请书

转让人名称(中文)：萨尔瓦多龙勃罗梭

(英文)：SALVADOR LOMBROSO

转让人地址(中文)：美国加利福尼亚州丘拉维斯塔卡内罗斯谷大街 1378 号

邮编：91913

(英文)：1378 CARNEROS VALLEY ST, CHULA VISTA

CALIFORNIA 91913, UNITED STATES

受让人名称(中文)：慧大有限公司

(英文)：FEDAL ENTERPRISE CO., LTD.

受让人地址(中文)：中国台湾台北市中山区中山北路 2 段 112 号 6 楼之 3

(英文)：ROOM 6-3, 6FL. NO. 112 SEC, 2, CHUNG SHAN N. RD.,

TAIPEI, TAIWAN

邮政编码：无

联系人：鲁娟

电话：(010) 85731125

外国受让人的国内接收人：安伟知识产权代理（北京）有限公司

国内接收人地址：北京市朝阳区光华路 5 号院 2 号楼 5 层 601 内 36 号

邮政编码：100020

代理机构名称：安伟知识产权代理（北京）有限公司

商标申请号/注册号：11676104

是否共有商标：  □ 是      √ 否

转让人章戳（签字）：          受让人章戳（签字）：          代理机构章戳：

代理人签字：

注：请 按 说 明 填 写

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

CASE NO:16-04510-LA7

DEBTOR: SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

Member Case No. 16-04912-LA7

**EXHIBIT "B"**

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

    CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

        Member Case No. 16-04912-LA7

## 商标代理委托书
## POWER OF ATTORNEY

我/我们 萨尔瓦多龙勃罗梭  属于 美国 国家或地区，现委托 安伟知识产权代理(北京)有限公司 代理 第 16444009 号 "L 及图"(第 12 类)商标的如下"√"事宜，包括在任何有关文件或申请书式上盖章或签字。

I/We, SALVADOR LOMBROSO , a citizen of/ a corporation organized and existing under the laws of UNITED STATES , hereby entrust AWA IP (BEIJING) CO., LTD. to act on my/our behalf in relation to the trademark "L & device " No.16444009 in Class 12 , including to sign or apply seal on any documents or application forms relating thereto.

Please tick ("√"):

| | 中文 | | English |
|---|---|---|---|
| ☐ | 商标注册申请 | ☐ | Application for Registration |
| ☐ | 商标异议申请 | ☐ | Opposition |
| ☐ | 商标异议答辩 | ☐ | Response to opposition |
| ☐ | 更正商标申请/注册事项申请 | ☐ | Correction of application/registration |
| ☐ | 变更商标申请人/注册人名义/地址申请 | ☐ | Change of name/address of applicant/registrant |
| ☐ | 变更商标代理人/文件收取人申请 | ☐ | Change of agent/document recipient |
| ☐ | 删减商品/ 服务项目申请 | ☐ | Deletion of goods/services |
| ☐ | 商标续展注册申请 | ☐ | Renewal of registration |
| ☑ | 转让/移转申请 /注册商标申请 | ☑ | Recordal of assignment/transfer of application/registration |
| ☐ | 商标使用许可备案申请 | ☐ | Recordal of trademark license |
| ☐ | 变更许可人/被许可人名称备案申请 | ☐ | Recordal of change of name of trademark licensor/licensee |
| ☐ | 商标使用许可提前终止备案申请 | ☐ | Recordal of early termination of trademark license |
| ☐ | 商标专用权质权登记申请 | ☐ | Recordal of mortgage of trademark right |
| ☐ | 商标注销申请 | ☐ | Removal of registration |
| ☐ | 撤销连续三年停止使用注册商标申请 | ☐ | Cancellation of registration for 3 years non-use |
| ☐ | 撤销成为商品/服务通用名称注册商标申请 | ☐ | Cancellation of a registered trademark that has become a generic term of goods/services |
| ☐ | 撤销连续三年不使用注册商标提供证据 | ☐ | Response to Non-use Cancellation |
| ☐ | 撤销成为商品/服务通用名称注册商标答辩 | ☐ | Response to cancellation of a registered trademark that has become a generic term of goods/services |
| ☐ | 补发变更/转让/续展证明申请 | ☐ | Re-issuance of Certification of Change/Assignment/Renewal |
| ☐ | 补发商标注册证申请 | ☐ | Re-issuance of registration certificate |
| ☐ | 出具商标注册证明申请 | ☐ | Issuance of registration certification document |
| ☐ | 出具优先权证明文件申请 | ☐ | Issuance of certified priority document |
| ☐ | 撤回商标注册申请 | ☐ | Withdrawal of registration application |
| ☐ | 撤回商标异议申请 | ☐ | Withdrawal of opposition |
| ☐ | 其它 (请说明) :_____ | ☐ | Others (Please specify:_____) |

委托权限：√ 一般代理        Scope of the power entrusted: √ General proxy
    ☐ 其它 (请说明) :_____    ☐ Others (Please specify:_____)

委托人：    萨尔瓦多龙勃罗梭
Name of Applicant:    SALVADOR LOMBROSO
地址    美国加利福尼亚州丘拉维斯塔卡内罗斯谷大街 1378 号 邮编: 91913
Address: 1378 CARNEROS VALLEY ST, CHULA VISTA CALIFORNIA 91913, UNITED STATES
负责人签字:
Signature:_____
负责人姓名及职务
Name of Signatory and Title:_____
日期
Date:_____

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                 Member Case No. 16-04912-LA7

## 转让/移转申请/注册商标申请书

转让人名称(中文)：萨尔瓦多龙勃罗梭

      (英文)：SALVADOR LOMBROSO

转让人地址(中文)：美国加利福尼亚州丘拉维斯塔卡内罗斯谷大街 1378 号

      邮编：91913

      (英文)：1378 CARNEROS VALLEY ST, CHULA VISTA

          CALIFORNIA 91913, UNITED STATES

受让人名称(中文)：慧大有限公司

      (英文)：FEDAL ENTERPRISE CO., LTD.

受让人地址(中文)：中国台湾台北市中山区中山北路 2 段 112 号 6 楼之 3

      (英文)：ROOM 6-3, 6FL. NO. 112 SEC, 2, CHUNG SHAN N. RD.,

          TAIPEI, TAIWAN

      邮政编码：无

      联系人：鲁娟

      电话：(010) 85731125

外国受让人的国内接收人：安伟知识产权代理（北京）有限公司

    国内接收人地址：北京市朝阳区光华路 5 号院 2 号楼 5 层 601 内 36 号

    邮政编码：100020

    代理机构名称：安伟知识产权代理（北京）有限公司

    商标申请号/注册号：16444009

    是否共有商标：　□ 是　　　√ 否

    转让人章戳（签字）：　　　　受让人章戳（签字）：　　　　　代理机构章戳：

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
           Member Case No. 16-04912-LA7


**EXHIBIT "C"**

**INTELLECTUAL PROPERTY ASSIGNMENT AND QUITCLAIM AGREEMENT**

     This Intellectual Property Assignment and Quitclaim Agreement ("***Agreement***") dated as of this 2nd day of October, 2017 ("***Effective Date"***), by and between Salvador Lombroso; Leader Bikes, LLC; Coghouse, Inc.; and Leader Bike International, Inc., with former addresses at 2335-C Paseo De Las Americas, San Diego, CA 92154; 675 Gateway Center Way, Ste. A, San Diego, CA 92102; 1378 Carneros Valley St., Chula Vista, CA 91913 and 511 E. San Ysidro Blvd., #160, San Ysidro, CA  92173, respectively ("Lombroso"); and James Kennedy, Trustee ("Kennedy")(of the Bankruptcy Estate of Salvador Lombroso (Case No. 16-04510-LA7) and Leader Bike, LLC (Case No. 16-04912-LA7)(the "Consolidated Cases") (collectively the "Lombroso Entities"); on the one hand; and Fedal Enterprise Co., Ltd., a Taiwanese corporation, with address at 5F-2, No. 7, Aly 23, Ln. 81, Sec. 7, Zhongshan N. Rd, Taipei city 111, Taiwan, R.O.C. ("Fedal"), on the other, as follows:

     **WHEREAS**, Lombroso, Kennedy and the Lombroso Entities (hereinafter collectively the "Assignors") are or were the purported record owner of the domain names listed on Exhibit "1" hereto and incorporated herein by reference, and all email addresses used through the domain name and the Intermedia database affiliated therewith (collectively the "***Domain Name***") including any and all trademark rights associated therewith;

     **WHEREAS**, ~~Lombroso, Kennedy and the Lombroso Entities~~Assignors  are or were the purported owner of all rights title and interest in the brand names for bicycles and bicycle parts and registered trademarks as set forth in Exhibit "2" hereto and incorporated herein by reference, as well as the common law, unregistered trademarks and trade name Leader and LeaderBike (collectively the "***Brand Names and Trademarks***");

     **WHEREAS** ~~Lombroso, Kennedy and the Lombroso Entities~~, Assignors are or were the purported owner of all rights title and interest in certain marketing materials, marketing collateral and other print and online materials making use of the Trademarks ("***Marketing Materials"***);

     **WHEREAS**, ~~Lombroso, Kennedy and the Lombroso Entities~~Assignors  are or were the purported owner of ~~Facebook~~ pages and other social media accounts as set forth on Exhibit "1" hereto and incorporated herein by reference ("***Social Media Accounts***") (collectively the Domain Names,

SECOND AMENDED ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
        CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                Member Case No. 16-04912-LA7

Trademarks, Marketing Materials, and Social Media Accounts are referred to as the "*Intellectual Property*"); and

　　　　**WHEREAS**, Fedal has acquired all ~~Asset~~Assets of the Leader Business (as defined in the Sale Order) including but not limited to the Intellectual Property pursuant to that certain ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT, entered by the United States Bankruptcy Court, Southern District of California on October 2, 2017 ("Sale Order").

　　　　**THEREFORE**, ~~in consideration of~~pursuant to the ~~promises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged~~Sale Order, the parties agree as follows:

1) *Assignment of Intellectual Property.* ~~Lombroso, Kennedy and the Lombroso Entities~~Assignors hereby transfer and assign and quitclaim to Fedal all rights, title and interest in and to the Intellectual Property and all trade secrets and goodwill associated therewith.

2) *Further Assurances.* ~~Lombroso, Kennedy and~~For a period of one (1) calendar year after entry of the ~~Lombroso Entities~~within Order, Assignors shall take all ~~necessary~~reasonable actions, including providing all necessary documentation to GoDaddy and other domain name registrars, database managers or account issuers, in order to transfer Intellectual Property to Fedal, as more fully set forth on Exhibits "1" and "2" hereto and incorporated herein by reference.

3) *Intellectual Property Agreement.* ~~Within five (5~~Subject to the one (1) year limitation period set forth in section 2 above, within ten (10) business days from the ~~execution of this Agreement~~date request is made by Fedal, , Lombroso, Kennedy and the Lombroso Entities, as may be ~~necessary,~~appropriate, shall execute and deliver a transfer authorization form, in addition to providing domain name hosting and transfer information in a format acceptable to GoDaddy and any other server host as may be necessary to transfer such Intellectual Property to Fedal, as more fully set forth on Exhibits "1" and "2" hereto and incorporated herein by reference. Lombroso, Kennedy and the Lombroso Entities, as ~~necessary~~appropriate, shall execute and deliver all other instruments of sale, transfer, conveyance, assignment and confirmation and take such other action as may reasonably be deemed necessary or desirable in order to effectuate and confirm the transfer to Fedal of the Intellectual Property.

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
              Member Case No. 16-04912-LA7

4) ***Transfer of Social Media Accounts.*** ~~Within five (5~~Subject to the one (1) year limitation period set forth in section 2 above, within ten (10)) business days from the ~~execution of this Agreement~~date request is made by Fedal, Lombroso, Kennedy and the Lombroso Entities shall transfer over all control, passwords, and access of the Social Media Accounts to a designated Fedal representative, as more fully set forth on Exhibit "1" hereto and incorporated herein by reference.

5) ***Use and/or Registration of Same or Similar Brands, Domain Names or Trademarks.*** Lombroso, Kennedy and the Lombroso Entities hereby ~~agrees~~agree not to use and/or register any other website, Twitter account, Facebook pages, Facebook accounts, Social Media Account, or brand, trademark or domain names to the Domain Name, Social Media, Brand Names or Trademarks, or any other mark confusingly similar thereto or formerly containing the content of the Intellectual Property, Social Media Accounts and the like transferred to Fedal herein.

6) ***Content on Domain Name and Social Media Accounts.*** ~~Lombroso, Kennedy and the Lombroso Entities~~Assignors  hereby assign to Fedal all rights, title and interest to the content formerly or currently contained and visible on the Social Media Accounts and Domain Name, including but not limited to postings, pictures, videos, memes, and individual responses and posts (the "***Social Media Content***"), as more fully set forth on Exhibit "1" hereto and incorporated herein by reference.  ~~Lombroso, Kennedy and the Lombroso Entities~~Assignors agree not to revise, edit, or remove any Social Media Content prior to transfer of the Social Media Account under this Agreement.  Further, Lombroso, Kennedy and the Lombroso Entities expressly ~~acknowledges~~acknowledge and ~~agrees~~agree that Fedal shall have the exclusive right to edit, revise, repost, retweet, remove, republish, or rebroadcast any of the Social Media Content without objection or claim of ownership from Lombroso, Kennedy and the Lombroso Entities.  Further, to the extent any Social Media Content was removed or deleted at the direction or control of Lombroso from and after July 26, 2016, Lombroso shall use his best efforts to, restore and/or effect turnover of same to Fedal on or before the date that is sixty (60) days after date of extension of this Agreement.

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
          Member Case No. 16-04912-LA7

7) ***Counterparts/Fax or Email***. This Agreement may be signed in counterparts.  Signed counterparts of this Agreement transmitted via Fax and/or Email are equivalent to a signed original of this Agreement.

8) ***Governing Law & Venue.***  This Agreement shall be governed by the laws of the State of California.  All disputes and controversies arising out of or in connection with this Agreement shall be resolved exclusively by the United States Bankruptcy Court for the Southern District of California, and/or the federal courts located in the Southern District of California.  Each party hereto agrees to submit to the jurisdiction of said courts and agrees that venue shall lie exclusively with such courts.

9) ***Successors and Assigns.***  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10) ***Section Headings.***  The section headings contained herein are for convenience in reference and are not intended to define or limit the scope of any provision of this Agreement.

    **IN WITNESS WHEREOF, Lombroso, Kennedy and the Lombroso Entities and Fedal** have caused this Agreement to be executed by their duly authorized representatives.

| **SALVADOR LOMBROSO, Individually** | **JAMES KENNEDY, Trustee**<br>**Estate of Salvador Lombroso** |
|---|---|
| By: _____<br>Name: _____<br>Title: _____<br>Date: _____ | By: _____<br>Name: _____<br>Title: _____<br>Date: _____ |

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

             Member Case No. 16-04912-LA7

| **LEADER BIKE INTERNATIONAL, INC.** | **LEADER BIKES, LLC** |
|---|---|
| By: _____ <br> Name: Salvador Lombroso <br> Date: _____ | By: _____ <br> Name: James Kennedy <br> Title: Trustee <br> Date: _____ |
| **COGHOUSE, INC.** <br><br> By: _____ <br> Name: Salvador Lombroso <br> Date: _____ | |

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

           Member Case No. 16-04912-LA7

**EXHIBIT "1"**

**TO**

**THE INTELLECTUAL PROPERTY ASSIGNMENT AND QUITCLAIM AGREEMENT**

**Domain Names**

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                Member Case No. 16-04912-LA7

The following accounts, databases, MS Exchange Servers, and social media accounts have been
identified as having been utilized in the Leader bike business, both historically, and recently, during the
pre-and post-petition period.

1. Social Media

1.1. All Facebook accounts used, utilized, maintained or otherwise accessible within the last 10 years for
the Leader business, or otherwise created from and containing data formerly in such accounts (such as
Tyrant Bikes), including but not limited to:

1.1.1. https://www.facebook.com/leaderbikes

1.1.2. https://www.facebook.com/Leader-Bikes-Italia-1163588997008441/

1.1.3. https://www.facebook.com/LeaderBikesPuertoRico/

1.1.4. https://www.facebook.com/leaderbikesmx/

1.1.5. https://www.facebook.com/leaderbikeskorea/

1.1.6. https://www.facebook.com/LeaderBikesHk/

1.1.7. https://www.facebook.com/localbikesofficial/

1.1.8. https://www.facebook.com/coghouse/

1.1.9. https://www.facebook.com/pages/coghousecom/186815301329451

1.1.10 https://www.facebook.com/leaderbikesmx

1.1.11 https://www.facebook.com/leaderbikeshk

1.1.12 https://www.facebook.com/leaderbikesJapan

1.1.13 https://www.facebook.com/leaderbikesKorea

1.1.14 https://www.facebook.com/ecobikeworld

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
              Member Case No. 16-04912-LA7

1.1.15 https://www.facebook.com/LeaderBikesCol

~~1.1.16 https://www.facebook.com/salvador.lombroso~~

1.1.16 https://www.facebook.com/salvador.lombroso (but, as set forth by Fedal counsel on the record at hearing hereon, only to the extent necessary that said personal account is "linked" to the foregoing Facebook accounts (as noted in 1.1.1 - 1.1.15 hereof), and then only for the purpose of effecting the transfer of the foregoing Facebook accounts to Fedal.

1.2. All Instagram accounts, used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts (such as Tyrant Bikes), including but not limited to:

1.2.1. https://www.instagram.com/leaderbikeusa

1.2.2. https://www.instagram.com/localbikesofficial/

1.2.3. https://www.instagram.com/coghouse/

1.2.4 https://www.instagram.com/leaderbike

1.2.5 https://www.instagram.com/parked_leader1/

1.2.6 https://www.instagram.com/parked_leader/

1.2.7 https://www.instagram.com/_leaderbikes

1.2.8 https://www.instagram.com/leaderbike

1.2.9 https://www.instagram.com/leaderbikesofficial

1.2.10 https://www.instagram.com/leader.bike

1.2.11 https://www.instagram.com/leaderbike

1.2.12 https://www.instagram.com/parkedleader2

1.2.13 https://www.instagram.com/_leaderbikes

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
               Member Case No. 16-04912-LA7

1.2.14 https://www.instagram.com/leaderbikes_europe

1.2.15 https://www.instagram.com/leader_bikes

1.2.16 https://www.instagram.com/leaderbikesmx

1.3. All Twitter accounts, used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

1.3.1. https://twitter.com/leaderbikes

1.3.2. https://twitter.com/leaderbikess

1.3.3. https://twitter.com/leaderbikes_eu

1.3.4. https://twitter.com/LoCaliBikes (but only to the extent that it contains "copies" of data, records, customers formerly used in the aforementioned Leader Twitter accounts).

1.3.5. https://twitter.com/coghouse

1.4. All Vine accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

1.4.1. https://vine.co/leaderbikes

1.4.2. https://vine.co/u/1215192281255227392 (Coghouse)

1.5. All ~~LinkedIn~~LinkedIn accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

1.5.1. https://www.linkedin.com/company/6380925 (Leader Bikes)

1.5.2 https://www.linkedin.com/company/leader-bikes

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                Member Case No. 16-04912-LA7

1.6. All Vimeo accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

1.6.1. https://vimeo.com/leaderbikeusa

1.6.2 https://vimeo.com/leaderbike

1.7. All ~~Youtube~~ YouTube accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

1.7.1. https://www.youtube.com/channei/UC1nDVoDLze1952dRWZOzaKw (Leader Bikes) which is linked to and controlled by Google+ account https://plus.google.com/u/0/115162323197296075724

2. All accounts with Online Service Providers used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.1. All GoDaddy or eNom accounts (domain registry) used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.1.1. leaderbikes.com

2.1.2. leaderbikeusa.com

2.1.3. leaderbikesusa.com

2.1.4. coghouse.com

2.1.5 leaderbikeinternational.com

2.1.6 leaderbicycle.com

2.1.7 leaderbike.com

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

      CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

           Member Case No. 16-04912-LA7

2.2. All Tucows accounts (domain registry) used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.2.1. leaderbicycle.com (as controlled by https://smallbusiness.yahoo.com/)

2.4. All Fabulous accounts (domain registry), used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.4.1. Leaderbike.com

2.5. All Rackspace (web hosting) accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.5.1. leaderbike.com

2.5.2. leaderbikes.com

2.5.3. leaderbikeusa.com

2.5.4. leaderbikesusa.com

2.5.5. coghouse.com

2.6. All email and related MS Exchange accounts that hosted email for the Leader Business, including Intermedia accounts (MS Exchange email provider and host) used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including any login (using email address, user name or phone number or PIN, security questions and answers) and password data for any such account, including but not limited to the following email addresses: sal@leaderbikes.com, salvador@leaderbikes.com; and those accounts of all employees, typically using the name convention <name>@leaderbikes.com.

2.6.1. All business emails and other materials/information relating to leader bike, leader bicycles, coghouse or leader bike international.

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                Member Case No. 16-04912-LA7

2.7. All Magento (e-commerce) and other e-commerce accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to:

2.7.1. E-commerce licenses and accounts associated with Leader Bikes, Leader Bicycles, Salvador Lombroso, leaderbikes.com, coghouse.com, and leaderbikeinternational.com, or any other email address set forth in this Exhibit 1.

2.8. All Constant Contact (email lists of customers, vendors, etc.) accounts, used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, or otherwise associated with any other email address set forth in this Exhibit 1.

2.9. All Dropbox (private cloud storage/file transfer) or iCloud accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts and otherwise associated with any other email address set forth in this Exhibit 1.

3.0 All Yahoo accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to leaderbikestore@yahoo.com, leaderbikestore@yahoo.com and sallombroso@yahoo.com and otherwise associated with any other email address set forth in this Exhibit 1. This account was used for international business and most business and related communication with the factories.

3.1 All Google accounts used, utilized, maintained or otherwise accessible within the last 10 years for the Leader business, or otherwise created from and containing data formerly in such accounts, including but not limited to the historical accounts known as Lombroso@leaderbikeusa.com (and only as may be tied to sallombroso@gmail.com), which account was used for international business and most business and related communication with the factories, and which included email accounts for employees and agents.

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

      CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
           Member Case No. 16-04912-LA7

**EXHIBIT "2"**
**TO**
**THE INTELLECTUAL PROPERTY ASSIGNMENT AND QUITCLAIM AGREEMENT**

**Trademarks**

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
        Member Case No. 16-04912-LA7

| COUNTRY | TRADEMARK NO. | Mark | Class |
|---|---|---|---|
| China | 16444009 | | 012 |
| | 11676104 | LEADER BIKES | 012 |
| European Union | 010987618 | L LEADER | |
| Japan | 5568215 | | 012 |
| Hong Kong | 303359197 | LEADER | 012 |
| South Korea | 4020150122112 | | 012 |
| Taiwan | 01604168 | LEADER | 012 |
| | 106018959 | LEADER | 012 |
| | 106018958 | | 012 |
| | 106018957 | LEADER | 012 |
| | 103028337 | LEADER | 012 |
| | 01749971 | L | 012 |
| | 103001174 | LEADER | 012 |

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                Member Case No. 16-04912-LA7

|  | 103001172 | L LEADER | 012 |
|---|---|---|---|
| **United States** | 4319523 | LEADER | 012 |


**Brand Names:**

LEADER

LEADERBIKES

LEADERBIKE

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR: SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

          Member Case No. 16-04912-LA7

**EXHIBIT "D"**

~~**REMOVED**~~

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

        CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
            Member Case No. 16-04912-LA7


                    **EXHIBIT "E"**


                    **REMOVED**

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
        CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
                    Member Case No. 16-04912-LA7

**EXHIBIT "F"**

Letters to manufacturers, distributors, vendors


<DATE>


Dear Sir/Madam:


As you may be aware, through a bankruptcy proceeding in United States Bankruptcy Court, Southern District of California (Lead Case No. 16-04510-LA7) (the "Proceeding"), ownership of the assets for the business formerly known as "Leader Bikes" and carried out by one or more of the following parties (collectively, the "Leader Business"), has been transferred to Fedal Enterprise Co., Ltd. ("Buyer"):

        a.  Leader Bike, LLC, a California limited liability company
        b.  Leader Bike International Inc., a Nevada corporation
        c.  Coghouse, Inc., a California corporation; and
        d.  Salvador Lombroso.

These assets include all claim of right, title and interest in and to the brand names for bicycles and bicycle parts (LEADER, LEADERBIKES, LEADERBIKE), trademarks, molds, designs, forms, parts, inventory, equipment, Intellectual Property, social media accounts, customer and marketing databases, trade secrets, and other items related to or used in the Business, including molds for bicycles and components (the term molds means all head tube molds, seat tube molds, seat post claim joint molds, fork molds, fork crown molds, used in the manufacturer of any and all molds of Leader bicycles thereinafter, collectively, the "Molds") (the "Assets"), and all such trade secrets and goodwill as may be associated with the Assets, as set forth more fully in that certain Sale Order, the Intellectual Property Assignment And Quitclaim Agreement, and that certain ORDER ON MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO, copies of which are available upon request.

By this letter, to the extent of my possession or control of any of the Assets, including the molds and rights to use the Leader and LeaderBike trademarks, I hereby release and quitclaim said possession and control, and authorize Buyer to take possession of all Assets in your possession or control.  Please assist Buyer in locating, securing, and taking possession of the Assets.  Indeed, by law, neither I nor anyone not

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

   CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
     Member Case No. 16-04912-LA7

---

otherwise affiliated with Buyer has any further right to access or use of such Assets.  I am informed that
Buyer intends to pursue its rights as to anyone who continues to use any of the Assets except as
authorized in writing by Buyer.

Buyer has acquired the rights to the Brands, Designs and Molds that were previously owned by the
Leader Business.  To the extent that you are in possession or control of any Molds or any designs,
products or models related to such Molds that were previously owned by the Leader Business they
should be promptly turned over to Buyer.  This does not include any "open molds" that are owned by
your factory or Molds not in existence prior to July 26, 2016, to the extent not copies of Molds
previously in existence prior to July 26, 2016 then this letter does not apply to such items.".

I have attached to this letter documents related to the Proceeding.  If you need any further information
or documentation to proceed, please contact Buyer at:

     c/o Christopher Celentino
     Dinsmore & Shohl, LLP
     655 West Broadway, Suite 800
     San Diego, CA 92101
     Email: Christopher.celentino@dinsmore.com
     Phone: 619-400-0500
     Fax: 619-400-0501


     _____
     Salvador Lombroso

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
  CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
     Member Case No. 16-04912-LA7

<div style="border:1px solid">

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

</div>

STATE OF CALIFORNIA    )

           )

COUNTY OF_____)

On _____, 2018, before me _____, Notary Public, personally appeared,_____who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/ they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity(ies) upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS** my hand and official seal.

Signature _____ (SEAL)

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
  CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
     Member Case No. 16-04912-LA7


<DATE>


SAMPLE ACCOUNT TRANSFER LETTER


Yahoo / Aabaco Small Business, LLC
Legal Department
701 First Avenue
Sunnyvale, CA 94089

To whom it may concern:

I, Salvador Lombroso, am the former owner of the following Yahoo/Aabaco accounts or accounts resold through Yahoo/Aabaco (the "Accounts"):

 a. leaderbicycle.com
 b. leaderbikestore@yahoo.com
 c. All other accounts opened, owned, or controlled by or through the following (collectively, the "Lombroso Parties"):

  i. Leader Bike, LLC, a California limited liability company
  ii. Leader Bike International Inc., a Nevada corporation
  iii. Coghouse, Inc., a California corporation; and
  iv. Salvador Lombroso (as to any accounts open on or before July, 26, 2016).


Through a bankruptcy proceeding in United States Bankruptcy Court, Southern District of California (Lead Case No. 16-04510-LA7) (the "Proceeding"), ownership of the Accounts has been transferred from the Lombroso Parties to Fedal Enterprises Co., Ltd. ("Buyer"). I hereby authorize Buyer to access and take control of the Accounts, and authorize Buyer and Yahoo/Aabaco to take any and all actions on behalf of the Lombroso Parties necessary to access the Accounts and transfer control and financial responsibility of the Accounts, and perform any and all actions authorized under the Proceeding.

I have attached to this letter documents related to the Proceeding and a copy of my driver's license. If you need any further information or documentation to proceed, please contact Buyer at:

  c/o Christopher Celentino
  Dinsmore & Shohl, LLP
  655 West Broadway, Suite 800

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO

     CASE NO:16-04510-LA7

DEBTOR:  SALVADOR LOMBROSO,

_____

LEADER BIKE, LLC

        Member Case No. 16-04912-LA7


     San Diego, CA 92101
     Email: Christopher.celentino@dinsmore.com
     Phone: 619-400-0500
     Fax: 619-400-0501


                     _____

                     Salvador Lombroso

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR
ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD
IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S
MOTION FOR SALE OF ASSETS  TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF
LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE
2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS
IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF
ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE
INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR:  SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
          Member Case No. 16-04912-LA7

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA        )

                       )

COUNTY OF_____)


On _____, ~~2017~~2018, before me _____, Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/ they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity(ies) upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

**WITNESS** my hand and official seal.


Signature _____   (SEAL)

~~SECOND AMENDED~~ ORDER DENYING IN PART, AND GRANTING IN PART, MOTION (1) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO
     CASE NO:16-04510-LA7
DEBTOR: SALVADOR LOMBROSO,
_____

LEADER BIKE, LLC
     Member Case No. 16-04912-LA7

**EXHIBIT "GE"**

Declaration of Salvador Lombroso

Peter W. Bowie (State Bar No. 50168)
Christopher Celentino (State Bar No. 131688)
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-400-0500
Facsimile: 609-400-0501

Attorneys for Fedal Enterprise Co., Ltd.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SALVADOR LOMBROSO,<br><br>Debtor.<br><br>LEADER BIKE, LLC<br><br>Member Case No. 16-04912-LA7 | Lead Case No. 16-04510-LA7<br>(Substantively Consolidated)<br><br>Chapter 7<br><br>**DECLARATION OF SALVADOR LOMBROSO IN CONNECTION WITH ORDER TO SHOW CAUSE WHY SALVADOR LOMBROSO SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR WILLFUL VIOLATIONS OF ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS TO FEDAL ENTERPRISE CO., LTD., FREE AND CLEAR OF LIENS AND APPROVAL OF FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT AND RULE 2004 ORDER; (2) FOR ORDER COMPELLING SALVADOR LOMBROSO TO EXECUTE DOCUMENTS IN ACCORDANCE WITH SUCH SALE ORDER, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ELISOR TO EXECUTE SAID DOCUMENTS; AND (3) REQUESTING COURT TO EXERCISE INHERENT AUTHORITY TO IMPOSE SANCTIONS UPON SALVADOR LOMBROSO**<br><br>Date:  July 12, 2018<br>Time:  2:30 p.m.<br>Dept.: 2<br>Hon. Louise DeCarl Adler |

CSD 1001C

I, Salvador Lombroso, declare:

1.      I am the Debtor in the above entitled Chapter 7 Case that was filed on July 26, 2016 as Case No. 16-0451 0-LA 7 and later substantively consolidated with the member case of Leader Bike, LLC. I am also the Defendant in an Adversary Case commenced against me on January 8, 2017 as Case No. 17-90003-LA by Pedal Enterprise Co., Ltd., pursuant to which my bankruptcy discharge has been denied.

2.      I make this declaration based upon my own personal knowledge and if called upon as a witness, I could, and would, testify competently to the contents of this declaration.

3.      Pursuant to an Order of this Court entered on October 2, 2017 (the "Sale Order"), all of the assets of the brand and business known as the Leader Business, including those owned by myself and Leader Bikes, LLC; Coghouse, LLC; and Leader Bikes International, LLC, were sold to Fedal Enterprise Co., Ltd. ("Fedal"), free and clear of liens, claims, encumbrances or interests.

4.      Consistent with that certain Sale Order, I do not claim any ownership or controlling interest in or right to use or authorize use, in any location, of any of said Assets as described in the Sale Order, including but not limited to the brand name Leader, molds, and trademarks, and that any third party in possession or control of any of said Assets, including molds, may recognize transfer of said Assets to Fedal.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed this __ day of _____, 2018 at _____, _____.

_____
Salvador Lombroso

CSD 1001C